RECEIVED
OCT - 3 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AUTHOR HOLLINGSWORTH | CIVIL ACTION NO. 10-815 |
| VERSUS | JUDGE TRIMBLE |
| SHERIFF'S OFFICE OF WINN PARISH and A.D. LITTLE | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a second motion for summary judgment filed by defendant A.D. Little ("Sheriff Little") in the above-captioned case.[1] For the reasons expressed below, the court finds summary judgment to be inappropriate and, accordingly, that defendant's motion should be **DENIED**.

I.   Background

Plaintiff Author Hollingsworth is a former Winn Parish Sheriff's Deputy, who now brings suit against the Winn Parish Sheriff's Office ("WPSO") and A.D. Little ("Sheriff Little") alleging employment discrimination based on race and retaliatory discharge following the filing of an EEOC charge.[2] Plaintiff is an African American who was employed by the Sheriff in various positions until he was fired in October of 2009.[3]

---

[1] R. 69.
[2] R. 1, 8, 65.
[3] R. 45-10.

Plaintiff asserts that he was removed from his position as bailiff for Louisiana District Judge Jim Wiley in 2008 after Sheriff Little assumed office following his election.[4] Plaintiff continued his employment with WPSO and, in March 2009, asserts that he became aware that "the full-time Caucasian deputies had received pay increases while the African American deputies had not."[5] Plaintiff filed an EEOC charge on August 27, 2009 and alleges he was "interrogated" by Sheriff Little and two other deputies about this charge on September 17, 2009.[6]

Plaintiff was issued an "Employee Warning Notice" on the same day, which describes the infraction as being the filing of the EEOC charge and meeting with Monroe attorney Jeff Joyce.[7] Plaintiff received a second warning notice on October 5, 2009 for an infraction described as calling in at 5:31 a.m. before his 6:00 a.m. shift to report that plaintiff's brother was in the hospital and that plaintiff would not be at work for his shift.[8] Plaintiff's employment was terminated effective October 28, 2009.[9]

Plaintiff amended his EEOC charge on November 2, 2009 to include an allegation of retaliation.[10] Plaintiff was issued a right to sue letter on April 13, 2010.[11] Plaintiff filed the instant suit on May 20, 2010, naming as the sole defendant the Winn Parish Sheriff's Office.[12] Plaintiff was granted leave to amend his complaint to add Sheriff Little following a motion to

---

[4] R. 45 at pp. 1-2.
[5] Id. at p. 2.
[6] Id. at p. 2.
[7] R. 45-8.
[8] R. 45-9.
[9] R. 45-10.
[10] R. 45-11.
[11] R. 45-13.
[12] R. 1.

dismiss by WPSO.[13] The motion to dismiss was, thereafter, granted, dismissing all claims against WPSO and leaving Sheriff Little as the sole defendant in this matter.[14]

Sheriff Little filed a motion for summary judgment and in limine, in response to which plaintiff sought leave to amend his complaint for a second time.[15] Plaintiff's motion for leave to amend was denied by the magistrate judge and plaintiff appealed.[16] By memorandum ruling and judgment issued June 7, 2013, the court granted Sheriff Little's motion and dismissed plaintiff's race-based pay discrimination and intentional infliction of emotional distress claims, but denied Sheriff Little's motion in limine, ruling that evidence of the former Sheriff's prior felony convictions shall be admissible for impeachment purposes at the trial of this matter.[17] The court also granted plaintiff's motion for leave to file his Second Amended Complaint.[18]

Now before the court is a second motion for summary judgment by Sheriff Little, seeking dismissal of all claims against him by plaintiff in this matter. Having received all necessary briefs by the parties, we find the motion to be properly before the court for decision.

II.     **Summary Judgment Standard**

Fed. R. Civ. P. 56(a) provides that summary judgment shall be granted when the movant shows the absence of any genuine dispute as to any material fact and, for that reason, shows that he is entitled to judgment as a matter of law. The movant must demonstrate the absence of any genuine dispute as to any material fact by citing to particular parts of materials in the

---

[13] R. 6, 7, 8.
[14] R. 10.
[15] R. 38, 39, 49.
[16] R. 54, 55.
[17] R. 63, 64.
[18] Id.

record, including depositions, documents and affidavits.[19] The movant may demonstrate entitlement to judgment as a matter of law by pointing out the nonmoving party's inability to produce evidence which, when taken as true for the purposes of the motion, would provide a legally sufficient basis upon which a reasonable jury might base a judgment in the nonmoving party's favor.[20]

Once a motion for summary judgment is made and properly supported, the burden shifts to the nonmoving party to come forward with evidence which demonstrates the essential elements of his claims.[21] In so doing, the nomoving party establishes the existence of a genuine issue of material fact for trial. The nonmoving party must show that the evidence, when viewed in the light most favorable to him, is sufficient to enable a reasonable jury to render a verdict in his favor.[22] A party whose claims are challenged by a motion for summary judgment may not rest on the allegations of the complaint and must articulate specific factual allegations which meet his burden of proof.[23]

If the nonmoving party meets his burden of proof, summary judgment is inappropriate and the claims must be preserved for further proceedings. If, on the other hand, the nonmoving party does not meet his burden, the court must grant summary judgment in recognition of the implausibility of the claims at issue.[24]

---

[19] Fed. R. Civ. P. 56(c)(1)(A).
[20] Celotex Corp v. Catrett, 477 U.S. 317, 2553 – 54 (1986); Duffy v. Leading Edge Products, Inc., 44 F.3d 308, 312 (5th Cir. 1995); Shotak v. Tenneco Resins, Inc., 953 F.2d 909, 913 (5th Cir. 1992), cert. denied 506 U.S. 832 (1992).
[21] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994).
[22] Celotex, 477 U.S. at 325.
[23] Id.
[24] Id. at 322.

All evidence submitted to the court in support of or in opposition to a motion for summary judgment must be of the sort which would be admissible at the trial of the matter.[25] "Metaphysical doubt" as to the existence of a genuine issue for trial is insufficient, as are "unsubstantiated assertions" and "conclusory allegations[.]"[26] The court will construe all evidence in the light most favorable to the nonmoving party, but will not infer the existence of evidence not presented.[27]

### III. Analysis

#### A. Plaintiff's Title VII Race Discrimination Claim

Defendant's motion asserts that plaintiff is unable to demonstrate the requisite prima facie case of employment discrimination based on race. Plaintiff's Second Amended Complaint alleges, in part, that he was fired because he is African American.[28] Conversely, defendant's motion asserts that plaintiff was terminated as a result of a reduction in force necessitated by voter rejection of a tax needed to maintain WPSO's workforce.[29] Given defendant's assertion as to a reduction in force with no apparent means of hiring replacements due to a lack of funding, we agree with plaintiff's classification of this claim as one of "disparate treatment discharge" as considered by the Fifth Circuit in <u>Vaughn v. Edel</u>.[30]

Plaintiff's Title VII claim requires him to establish the following: (1) that he is a member of a protected class; (2) that he was qualified for the job he held; (3) that he was discharged;

---

[25] Fed. R. Civ. P. 56(c)(2); <u>Salas v. Carptener</u>, 980 F.2d 299, 305 (5th Cir. 1992) quoting <u>Broadway v. City of Montgomery</u>, 530 F.2d 657, 661 (5th Cir. 1976).
[26] <u>Little</u>, 37 F.3d at 1075, citing <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986), <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871, 871-73 (1986); <u>Hopper v. Frank</u>, 16 F.3d 92 (5th Cir. 1994).
[27] <u>Lujan</u>, 497 U.S. at 888.
[28] R. 65 at ¶ 1, amending ¶ 7 of plaintiff's prior complaints [R. 1, 8].
[29] R. 69-1 at pp. 5-6.
[30] 918 F.2d 517 (5th Cir. 1990).

and (4) after his discharge others who were not members of the protected class remained in similar positions.[31] Once plaintiff establishes his prima facie case, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for plaintiff's discharge.[32] If the defendant satisfies his burden, the burden again shifts to the plaintiff to prove by a preponderance of the evidence that the defendant's professed nondiscriminatory reason for plaintiff's discharge is merely pretext.[33]

Defendant's motion pursues an erroneous Title VII prima facie framework, concentrating its weight on the allegation that plaintiff is unable to establish a causal connection between his "protected activity" and his termination because several Caucasian deputies were also terminated as a result of force reduction.[34] While the framework would apply to plaintiff's claim for retaliatory discharge, it does not apply to the issue of disparate treatment termination.[35]

Plaintiff has clearly established the first three (3) elements of his prima facie case. Plaintiff is an African American and defendant has not disputed that he was qualified to serve as a Sheriff's Deputy or that he was discharged from such employment. Regarding the fourth element, plaintiff asserts that, following his discharge, thirty-two (32) Caucasian deputies remained employed by Sheriff Little.[36] Of these remaining Caucasian deputies, eighteen (18)

---

[31] Vaughn, 918 F.2d at 521 (internal citations omitted).
[32] Id., citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 at 802-04 (1973), Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-54 (1981) and Smith v. Wal-Mart Stores, 891 F.2d 1177, 1178 (5th Cir. 1990).
[33] Id.
[34] R. 69 at pp. 5-6.
[35] Anderson v. Douglas & Lomason Co., Inc., 26 F.3d 1277, 1300 (5th Cir. 1994) citing Shirley v. Chrystler First, Inc., 970 F.2d (5th Cir. 1992).
[36] R. 71 at p. 9 citing Exhibit 5 (R. 71-6) at p. 4 (records of workforce during and after plaintiff's termination).

held the same title ("deputy") as plaintiff at the time of his firing.[37] Only two (2) African American deputies remained so employed following plaintiff's discharge.[38] Given these facts, undisputed by defendant, we find that plaintiff has demonstrated the fourth element and, therefore, has fulfilled his prima facie burden. Accordingly, the burden shifts to defendant to articulate a legitimate non-discriminatory reason for plaintiff's discharge.

Defendant's motion asserts that plaintiff was discharged from his employment with WPSO because Winn Parish taxpayers rejected a tax necessary to facilitate the continued employment of the Sheriff's full workforce.[39] Sheriff Little testified as follows:

>    Q:   And what was the purpose of the tax increase?
>    A:   I had to have it or I had to lay off people.
>    Q:   Would it have gotten more money into the sheriff's office"
>    A:   Oh, yes, sir.
>    Q:   Okay. When that went to the voters, was it accepted or rejected?
>    A:   Rejected.
>    Q:   Okay. Did that play into your decision to terminate some employees?
>    A:   That's exactly why I had to.[40]

Defendant also offers the deposition testimony of Joe Hines and Paul Alsup, who were also terminated along with plaintiff, as evidence that budget constraints were the motivation for plaintiff's discharge.[41] Thus, defendant articulates a legitimate, nondiscriminatory reason for plaintiff's discharge: lack of funding, and thereby shifts the burden again to plaintiff to show by a preponderance of the evidence that defendant's proffered reason is pretext.

---

[37] Exhibit 5 at p. 4.
[38] Id.
[39] R. 69-1 at p. 5.
[40] Id. citing deposition of Sheriff Little at pp. 75-78.
[41] R. 71 at p. 3.

Plaintiff argues pretext based on the following points: (1) that defendant's proffered reason is not supported by any documentation; (2) that Sheriff Little hired fourteen (14) new employees before plaintiff was discharged and hired fifteen (15) new employees after the alleged reduction in force due to budget constraints; and (3) that Sheriff Little explained his removal of plaintiff from his position as Judge Wiley's bailiff as a function of his desire not to waste the value of a POST certified road deputy by only using them as a bailiff when you could hire an as-needed court bailiff for less money and without the necessity of paying benefits.[42]

The court finds that plaintiff presents pretext evidence and argument concerning Sheriff Little's intent to discriminate which, if believed by the jury in this case, would constitute a reasonable basis for judgment in plaintiff's favor as to his Title VII disparate treatment discharge claim. The court does not assess credibility during summary judgment proceedings and, for that reason, finds that genuine issues of material fact exist which necessitate the denial of defendant's motion as to this claim.[43]

### B. Plaintiff's Title VII Retaliatory Discharge Claim

Defendant's motion asserts that plaintiff's Title VII race discrimination claim, which we have already addressed above, is plaintiff's sole remaining claim in this case.[44] The court disagrees, noting, again, plaintiff's allegation of retaliatory discharge based on his filing of an EEOC charge against Sheriff Little. Despite plaintiff's discussion of this claim in the briefs filed in opposition to defendant's motion, defendant does not address it.

---

[42] R. 78 at p. 3 citing R. 69-4 at p. 46.
[43] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 2513 (1986).
[44] R. 72 at p. 1.

Our review of the briefs filed by plaintiff reveals evidence and argument relating to plaintiff's retaliatory discharge claim, although we find no such component to defendant's motion for summary judgment. In the interest of efficiency, the court hereby gives notice to defendant that it will take up the issue of plaintiff's retaliatory discharge claim in summary judgment proceeding and will specify delays in which defendant and plaintiff may file briefs limited to that particular claim.[45]

IV. Conclusion

The court has considered defendant's motion for summary judgment as to plaintiff's Title VII claim of disparate treatment discharge and finds that genuine issues of material fact exist which preclude summary judgment on such claim. Specifically, the court finds that plaintiff has demonstrated evidence of pretext which, if deemed credible by the jury in this case, would constitute a reasonable basis for judgment in plaintiff's favor on his disparate treatment discharge claim.

Additionally, we find that plaintiff also asserts a claim against defendant for retaliatory discharge for the filing of an EEOC charge. We will take up the merits of that claim in summary judgment proceedings as will be further directed in the court's order to be issued this day.

Alexandria, Louisiana
October 3, 2013

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[45] Fed. R. Civ. P. 56.

9